The court, Grihke, Bax, Smith, and Coecock,
were of opinion the verdict was unwarrantable. That if the former verdict was unjust the plaintiff ought to have appealed. That the mesne profits were recoverable in the action to try the titles.
Motion granted.
Note. In personal actions, damages are always allowed only to the time of the action commenced. Vide 10 Co. 117. 2 Burr. 1086,1096. But in real actions the plaintiff shall recover damages, pending the writ. Where a duty has incurred, pending the writ, for which no satisfaction can be had by a new suit, such duty shall be included in the judgment to be given upon the action already pending. But where a new action may be brought, and satisfaction had thereon for any duty or demand accrued since the commencement of the pending suit, such demand shall not be included in the judgment, and damages shall be assessed only up to the time of the wrong complained of. In real actions the demandant shall recover damages to the time of the verdict, or writ of inquiry executed.'
• The action of trespass for mesne profits, is always laid with a continuando, and it is presumed that an action of 'trespass to try titles, which combines the action for the mesne profits, with the action of ejectment, is laid with a continuando, or supposed so to be. The old action of ejectment alleged only a single act on entry and ouster. Vide 3 BI. Com. 205. 3 Wills. 118. Runn. 4,5, 44,164. But the injury complained of, was also for detaining possession after ouster, until trial. 4 Dallas, 139. And damages may be given for the whole time the wrong continued. Ibid. The defendant may plead the recovery of the damages in ejectment, with 'an averment that they were given for the mesne profits in bar of an action of trespass. Vide 4 Dallas, 139. Refers to 1 Leon. 313. Carth. 437. 3 Leon. 194. Carth. 242r The mesne profits are recoverable, it seems, in Pennsylvania, as here, in the action to try the titles in ejectment.
Nott, J., was of counsel for the defendant before his election to ^enc^*